**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

JERRY EUGENE KIRSCH, JR.                                    **PETITIONER**

V.                          **CASE NO. 4:20-CV-230-JM-BD**

DOE                                                        **RESPONDENT**

## RECOMMENDED DISPOSITION

### I.    Procedure for Filing Objections:

This Recommendation for dismissal has been sent to Judge James M. Moody Jr.

Mr. Kirsch may file objections if he disagrees with the findings or conclusions set out in

the Recommendation. To be considered, however, objections must be filed with the Clerk

of Court within 14 days. Objections should be specific and should include the factual or

legal basis for the objection.

If Mr. Kirsch does not file objections, he may lose the right to appeal questions of

fact. And, if no objections are filed, Judge Moody can adopt this Recommendation

without independently reviewing the record.

### II.    Discussion:

Petitioner Jerry Eugene Kirsch is serving five years' probation after pleading

guilty in Pulaski County Circuit Court to charges of aggravated assault and driving while

intoxicated. (Doc. No. 2 at 1); see also Arkansas Judiciary Website, Docket Search,

http://caseinfo.arcourts.gov; *State v. Kirsch*, 60CR-17-2240, Plea (Dec. 4, 2017),

Sentencing Order (March 14, 2018). On March 3, 2020, Mr. Kirsch filed this federal

petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 2)

In a March 6, 2020 Order, the Court alerted Mr. Kirsch to specific problems with his petition. (Doc. No. 3) In the original petition, Mr. Kirsch did not state how his custody violates the United States Constitution or federal law, a requirement for stating a federal habeas corpus claim. See 28 U.S.C. § 2254(a). Mr. Kirsch was ordered to file an amended petition within 30 days explaining how his current custody violates either the Constitution or laws of the United States.

Because Mr. Kirsch complained about the conditions of his confinement in his habeas petition, the Court offered him the opportunity to convert the habeas petition to a civil action challenging his conditions of confinement. He was ordered to notify the Court within 30 days of March 6 whether he wanted to convert the habeas petition to a complaint under 42 U.S.C. §1983. (*Id.*)

Mr. Kirsch has timely filed an amended complaint. (Doc. No. 4) In his amended complaint, he no longer complains of his Pulaski County conviction. Instead, he points to what appears to be a California conviction; but he does not state what he was convicted of or the sentence he received. (*Id.*) Throughout his petition, Mr. Kirsch mentions an array of legal terms[1]; but, he does so without any substantive argument as to how his Arkansas conviction and current custody violates federal law. Furthermore, he does not request that his petition be converted to a §1983 action. As the record stands, Mr. Kirsch has not stated a claim for federal habeas corpus relief or a claim for unconstitutional conditions of confinement.

---

[1] As an example, Mr. Kirsch cites as his grounds for relief "false charges, slander to libel, perjury." (Doc. No. 4)

2

**III.    Certificate of Appealability:**

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. See Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Mr. Kirsch has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c) (1)-(2). In this case, Mr. Kirsch has not provided a basis for the Court to issue a certificate of appealability. Accordingly, a certificate of appealability should be denied.

**IV.    Conclusion:**

The Court recommends that Mr. Kirsch's petition and amended petition for habeas corpus relief (Doc. Nos. 2 & 4) be dismissed, without prejudice, under Local Rule 5.5(c)(2), for failure to comply with the Court's March 6, 2020 Order and for failure to state a federal claim for relief. Further, Mr. Kirsch's motion to proceed *in forma pauperis* (Doc. No. 1) should be DENIED, as moot.

DATED this 11th day of March, 2020.

UNITED STATES MAGISTRATE JUDGE

3